AO 241                                                                                                    Page 2
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|
| Name (under which you were convicted):  Marlon Straw  A. | Docket or Case No.:  2002 - 10668 |
| Place of Confinement :  Bay State Correctional Center | Prisoner No.:  W84512 |
| Petitioner (include the name under which you were convicted)  Marlon  A. Straw | Respondent (authorized person having custody of petitioner)  v.  Commonwealth of mass. |
| The Attorney General of the State of | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
      Suffolk County Superior Court.
      Boston, Mass. 02108

      (b) Criminal docket or case number (if you know): 2002 - 10668

2.    (a) Date of the judgment of conviction (if you know): 10-22-04

      (b) Date of sentencing: 11-16-04

3.    Length of sentence: 8 to 10 years.

4.    In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
      1. Armed Assault with intent to murder . c265s18(b)
      2. Assault and Battery with Dangerous Weapon . c265s15A(b)
      3. Firearm carry without License . c269s10(a)
      4. Firearm, without FID Card, Possess. c269s10(h)

6.    (a) What was your plea? (Check one)

      ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

      ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/B

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

     ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Appeals court of mass.

(b) Docket or case number (if you know): 2007-P-1955

(c) Result: Affirmed

(d) Date of result (if you know): 5-12-09

(e) Citation to the case (if you know): 74 mass. App Ct.1110

(f) Grounds raised: 1. There was insufficient evidence to support conviction on the Armed assault to murder.

2. Comments in the prosecutor's closing Arqument deprived me of a fair trial.

3. The ballistic certificate should not have been Admitted.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Supreme Judicial Court of mass.

(2) Docket or case number (if you know): FAR-17913

(3) Result: Denial of FAR application

(4) Date of result (if you know): 7-9-09

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know): 454 Mass. 1106

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): "n/a"

(2) Result: "n/a"

(3) Date of result (if you know): "n/a"

(4) Citation to the case (if you know): "n/a"

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: "n/a"

(2) Docket or case number (if you know): "n/a"

(3) Date of filing (if you know): "n/a"

(4) Nature of the proceeding: "n/a"

(5) Grounds raised: "n/a"

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? "n/a"

☐ Yes    ☐ No

(7) Result: "n/a"

(8) Date of result (if you know): "n/a"

AO 241
(Rev 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:"n/a"

    (1) Name of court: "n/a"

    (2) Docket or case number (if you know): "n/a"

    (3) Date of filing (if you know): "n/a"

    (4) Nature of the proceeding: "n/a"

    (5) Grounds raised: "n/a"

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? "n/a"

    ☐   Yes    ☐  No

    (7) Result: "n/a"

    (8) Date of result (if you know): "n/a"

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: "n/a"

    (2) Docket or case number (if you know): "n/a"

    (3) Date of filing (if you know): "n/a"

    (4) Nature of the proceeding: "n/a"

    (5) Grounds raised: "n/a"

AO 241
(Rev 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? "n/a"

☐  Yes      ☐  No

(7) Result: "n/a"

(8) Date of result (if you know): "n/a"

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☐  Yes      ☑ No

(2) Second petition:   ☐  Yes      ☑ No

(3) Third petition:     ☐  Yes      ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not. "n/a"

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Evidence was legally insufficient to establish guilt of assault
with intent to murder.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The evidence that I fired only one shot from a gun in a
pocket of a jacket, the bullet penetrating a screen door and
strking Len Kelley's lower abdominal area and was insuff-
icient to establish specific intent to kill Kelley at time the
shot was fired. Also although the jury found me guilty of
armed assault with intent to murder, the note it sent to
the trial judge suggests that it too struggled with the
issue of the defendant's intent. con. 7

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: "n/a"

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: "n/a"

Type of motion or petition: "n/a"

Name and location of the court where the motion or petition was filed: "n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: "n/a"

Name and location of the court where the appeal was filed: "n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: "n/a"

.

AO 241                                                                                                                    Page 8
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:"n/a"

GROUND TWO: Four Rhetorical questions in prosecutor's closing impermissibly shifted the burden of proof to the defendant and urged the Jury to find key Prosecutors witness credible simply because they appeared in court to testify Depriving me of fair trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecutor exceeded the permissible bounds of advocacy in his closing argument on four occasions, he rhetorically asked the Jury to query why Len and Glen Kelley would appear in court and identify the defendant as the shooter if they were not telling the truth. The remarks improperly suggested that key prosecution witnesses were credible simply because they testified in court and shifted the burden of proof to me to provide a response, moreover the remarks were Prejudicial given counsel to object to them, the theory is that Len and Glen Intentionally misidentified the defendant, the Lack of specific curative instructions and Len and Glen Kelley's Lack of credibility. Accordingly this judgement of conviction should be reversed and verdict set aside.

(b) If you did not exhaust your state remedies on Ground Two, explain why:"n/a"

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:"n/a"

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:"n/a"

Type of motion or petition:"n/a"

Name and location of the court where the motion or petition was filed:"n/a"

Docket or case number (if you know):"n/a"

Date of the court's decision:"n/a"

AO 241
(Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?               ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Trial counsel was ineffective for failing to object to the admission of the ballistic certificate, because its admission deprived me my Sixth amendment right to confrontation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The report contained testimonial hearsay that the spent shell casing in this case was ammunition and its admission therefore violated my sixth amendment right to confrontation, moreover the error created a substantial risk of miscarriage of Justice because the testimonial hearsay evidence affected all of the changes. Accordingly, the judgement of conviction should be reversed and verdict set aside.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why? "n/a"

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: "n/a"

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: "n/a"

Type of motion or petition: "n/a"

Name and location of the court where the motion or petition was filed: "n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: "n/a"

Name and location of the court where the appeal was filed: "n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *"n/a"*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: *" n/a "*

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *"n/a"*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *" n/a"*

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? *"n/a"*  ☐  Yes       ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: *"n/a"*

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: *"n/a"*

Type of motion or petition: *"n/a"*

AO 241
(Rev 10/07)                                                                                              Page 12

Name and location of the court where the motion or petition was filed:"n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(3) Did you receive a hearing on your motion or petition? "n/a"          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition? "n/a"      ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No "n/a"

(6) If your answer to Question (d)(4) is "Yes," state: "n/a"

Name and location of the court where the appeal was filed: "n/a"

Docket or case number (if you know): "n/a"

Date of the court's decision: "n/a"

Result (attach a copy of the court's opinion or order, if available): "n/a"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: "n/a"

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
         have used to exhaust your state remedies on Ground Four: "n/a"

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: "n/a"

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: "n/a"

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. "n/a"

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. "n/a"

AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Eduardo A. Masferrer
6 Beacon St. Suite 720
Boston, ma. 02108

(b) At arraignment and plea: Eduardo A. Masferrer
6 Beacon St. Suite 720
Boston, ma. 02108

(c) At trial: Eduardo A. Masferrer
6 Beacon St - Suite 720
Boston, ma. 02108

(d) At sentencing: Eduardo A. Masferrer
6 Beacon St. Suite 720
Boston, ma. 02108

(e) On appeal: Valerie A. DePalma
175 Washington St.
Winchester, ma. 01890

(f) In any post-conviction proceeding: Valerie A. DePalma
175 Washington St.
Winchester, ma 01890

(g) On appeal from any ruling against you in a post-conviction proceeding: Valerie A. DePalma.
175 Washington St.
Winchester, ma 01890

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: "n/a"

(b) Give the date the other sentence was imposed: "n/a"

(c) Give the length of the other sentence: "n/a"

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? "n/a"        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* "n/a"

AO 241
(Rev. 10/07)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of *n/a*

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review; *n/a*

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action; *n/a*

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or *n/a*

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence. *n/a*

&AO 241
(Rev 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Issue a writ a habeas corpus.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on __5-24-10__ (month, date, year).

Executed (signed) on __7-9-10__ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

continuation: Ground one: Evidence was legally insufficient to establish guilt of assault with intent to murder.

Supporting fact: The note asked the Judge to provide it with the instructions defining intent to murder, to which the court reread the instructions to the Jury.
Accordingly, the trial Judge should have allowed my motion for required finding of not guilty regarding this charge. Finally he is entitled to dismissal of the court of the indictment setting forth this charge.

